IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher J. Fecas, | ) | Civil Action No. 2:17-3225-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of Labor, | ) | |
| Licensing & Regulation, and | ) | |
| LRADAC (Lexington Richland Alcohol | ) | |
| and Drug Abuse Council) | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant the South Carolina Department of Labor, Licensing, and Regulation's ("LLR") motion for judgment on the pleadings. For the reasons set forth below, the Court denies the motion.

I. **Background**

Plaintiff is a licensed practical nurse in South Carolina. Plaintiff alleges LLR prosecuted a disciplinary case against him without cause. Specifically, Plaintiff was accused of diverting controlled substances while working at the Veterans Administration hospital in Charleston, South Carolina. Plaintiff denies diverting controlled substances or having a substance abuse disorder. During that investigation, the State Board of Nursing ("BON")[1] suspended his nursing license for

---

[1] Plaintiff alleges LLR "is a South Carolina governmental agency that includes the State Board of Nursing for South Carolina" and he alleges that LLR suspended his license. The BON, however, is an agency distinct from the LLR. Board members are appointed by the Governor for fixed terms and are removable only for cause. S.C. Code § 40-33-10. The head of LLR, by contrast, is a political appointee serving at the Governor's pleasure. S.C. Code § 1-3-240. The LLR provides the BON with "administrative, fiscal, investigative, inspectional, clerical, secretarial, and license renewal operations" but does not adjudicate complaints. *See* S.C. Code § 40-33-50. Any legal distinction between the BON and LLR is immaterial to the disposition of the present motion, however, because both the BON and LLR are agencies of the State of South Carolina.

approximately two years. Plaintiff alleges that while his license was suspended, LLR coerced him into enrolling in a treatment program, the Recovering Professionals Program ("RPP"), provided by Defendant LRADAC. The alleged means of coercion include threats that Plaintiff would be arrested if he did not enroll in the RPP, even though, allegedly, LLR knew that law enforcement agencies had ceased any investigation of Plaintiff. The BON ultimately cleared Plaintiff of wrongdoing. Plaintiff is currently in good standing with the BON.

On October 25, 2017, Plaintiff filed the present action in the Charleston County Court of Common Pleas, alleging causes of action for gross negligence, violation of the South Carolina Unfair Trade Practices Act, "due process violations," and "right to counsel during questioning." (Dkt. No. 1-2.) Defendants removed this action on November 29, 2017. The current amended complaint asserts a single cause of action for gross negligence against LLR and LRADAC. (Dkt. No. 9.) LLR has moved for judgment on the pleadings. LRADAC has separately answered the complaint without moving for judgment.

## II. Legal Standard

LLR states in a footnote in its motion that "For purposes of this Motion, LLR incorporates by reference the Answer it previously filed [NEF Dkt. #4], along with all attachments filed with its previous Answer" (referring to its answer to the state-court complaint filed after removal). (Dkt. No. 11 at 1 n.1.) Court declines to allow that incorporation. A footnote in a motion memorandum is not a responsive pleading. Moreover, the paragraph numbers of the amended complaint are very different from those in the original state-court complaint, which makes the previous answer's references to paragraph numbers difficult to decipher. Consequently, the present motion has been filed before a responsive pleading. A motion asserting defenses made before a responsive pleading is made under Rule 12(b) of the Federal Rules of Civil Procedure, not Rule 12(c). The legal standard for a Rule 12(b)(6) motion is essentially the same as for a Rule 12(c) motion. *See Burbach*

*Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). The Court therefore construes Plaintiff's motion for judgment as a motion to dismiss under Rule 12(b)(6).

Rule 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Defendant LLR, an executive department of the State of South Carolina, asserts absolute prosecutorial immunity from Plaintiff's claims. That assertion is without merit. As the cases cited by LLR make clear, prosecutorial immunity applies to *prosecutors*, not the state. *See Guttman v.*

*Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006). The state's liability is governed by sovereign immunity. In South Carolina, sovereign immunity has been abolished except as provided by the South Carolina Tort Claims Act ("SCTCA"). S.C. Code § 15-78-40. Thus, the sole issue before the Court is whether Plaintiff has stated a claim against LLR under the SCTCA.

LLR argues Plaintiff has not stated a claim under the SCTCA for two reasons. First, LLR argues that two exceptions to the state's waiver of immunity apply, neither of which permits an action for gross negligence:

> (3) execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process;
>
> (4) adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies;

S.C. Code § 15-78-60. That argument is without merit. The South Carolina Supreme Court has held that "when an exception containing the gross negligence standard applies, that same standard will be read into any other applicable exception." *Steinke v. S.C. Dep't of Labor, Licensing & Regulation*, 520 S.E.2d 142, 155 (S.C. 1999). In this case, S.C. Code § 15-78-60(12) clearly applies to the facts alleged:

> (12) licensing powers or functions including, but not limited to, the issuance, denial, suspension, renewal, or revocation of or failure or refusal to issue, deny, suspend, renew, or revoke any permit, license, certificate, approval, registration, order, or similar authority except when the power or function is exercised in a grossly negligent manner;

This exception, which contains the gross negligence standard, "is applied where a governmental agency actually engages in licensing functions." *Plyler v. Burns*, 647 S.E.2d 188, 196 (S.C. 2007). The BON and LLR obviously engage in licensing functions and this action arises from their licensing activities. The gross negligence standard therefore applies even if other exceptions not permitting actions for gross negligence are read to apply as well. *Cf. Repko v. County of*

*Georgetown*, 785 S.E.2d 376, 385–86 (S.C. Ct. App. 2016), *reh'g denied* (May 20, 2016), *cert. granted* (Sept. 8, 2017).

Second, LLR argues Plaintiff has not alleged facts supporting a claim for gross negligence. "Gross negligence is the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Clyburn v. Sumter Cty. Sch. Dist. No. 17*, 451 S.E.2d 885, 887 (S.C. 1994). It is distinguished from simple negligence as not just the failure to exercise due care, but the failure to exercise even "slight care." *Id.* LLR asserts that the pleadings indicate that LLR and the BON exercised at least slight care in three ways: "(1) LLR following its procedures regarding Plaintiff's abandonment of his treatment at RPP, (2) the BON convening a panel, which received evidence, heard testimony, and presented a recommendation to the BON, and (3) the BON actually considering Plaintiff's arguments and dismissing the Formal Complaint against him." (Dkt. No. 11 at 8–9.) Those points are not persuasive at the pleading stage. Plaintiff has not alleged that he abandoned treatment at RPP. That a BON panel conducted a proceeding does not show that gross negligence did not occur in the course of that proceeding. That the BON dismissed the complaint does not show that there was no gross negligence in the prosecution of that complaint.

Although the factual allegations in the amended complaint could be fairly characterized as meager, they are sufficient to allege that LLR intentionally did something that it ought not have done and intentionally failed to do something that it ought to have done. That is sufficient at this stage to state a gross negligence claim. Whether the evidence is sufficient to proceed to trial is an issue to be decided at the summary judgment stage, when the Court can consider facts beyond the complaint allegations.

## IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendant LLR's motion for judgment on the pleadings (Dkt. No. 11.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 18, 2018
Charleston, South Carolina